**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ADRIAN ANDREW GRIMALDO, <br><br> Plaintiff, <br> v. <br><br> COUNTY OF VENTURA, ET AL., <br><br> Defendants. | No. 2:26-cv-02299-JFW-AJR <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On March 4, 2026, *pro se* Plaintiff Adrian Andrew Grimaldo ("Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (the "Complaint"), arising from an alleged false arrest based on misidentification of out-of-county warrants. (Dkt. 1.)  Plaintiff names Ventura County Sheriff's Deputy Cameron Knox, Senior Deputy Jeff Oswald, Yreka Police Department Supervisor Janene Kincade, and Yreka Police Department Lieutenant Ray Boutin, all sued in their official capacities

(collectively "Defendants").  (Dkt. 1 at 2-3.)[1]

## II.

## PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

In the Complaint and attached exhibits, Plaintiff alleges that on March 5, 2024, at approximately 11:55 a.m., he was stopped in Fillmore, California and arrested by Ventura County Sheriff's Deputy Cameron Knox based on out-of-county warrants issued from Siskiyou County.  (Dkt. 1 at 4, 21.)  Plaintiff contends that he immediately informed Deputy Knox that he had never been to Siskiyou County and that his identifying information did not match the subject of the warrants.  (Id. at 4-5.)

Despite these alleged discrepancies, Plaintiff asserts that he was tightly handcuffed for several hours, detained, and transported to the Ventura County Pretrial Detention Facility, where he remained in custody while the warrants were investigated.  (Id. at 5.)  Plaintiff alleges that during his detention, he was subjected to harsh conditions of confinement, including excessively tight handcuffs that caused a shoulder injury and bleeding wrists, an imaging scan without protective measures, denial of food and water, and repeated slamming of his cell door that caused severe migraines.  (Id. at 5-6.)  Plaintiff also alleges that "several hundred dollars" were missing from his wallet following his detention.  (Id. at 6.)

Later that same day, at approximately 4:24 p.m., Plaintiff was released from detention after Senior Deputy Jeff Oswald confirmed that Plaintiff was not the subject of the warrants and that the arrest resulted from mistaken identity.  (Id. at 6, 21-23.)  Plaintiff further alleges that on March 8, 2025, Lieutenant Ray Boutin likewise confirmed that there were no outstanding warrants for Plaintiff and that he

---

[1]  For ease of reference and clarity, the Court cites to the CM/ECF pagination on the top of each page.

2

was falsely arrested.  (Id.)

Plaintiff alleges that Supervisor Janene Kincade subsequently confirmed that the department had prepared written supplemental reports to correct the mistaken identity and that no additional warrants would be issued in Plaintiff's name.  (Id. at 7.)  However, Plaintiff alleges that it took several months for law enforcement agencies to correct the errors in his criminal record, during which time he suffered emotional distress, reputational harm, and difficulty obtaining employment because he was warned not to travel out of Fillmore.  (Id. at 7-8.)

The Complaint does not identify any specific causes of action or legal claims asserted against Defendants.  Nor does Plaintiff state the relief he seeks.

**III.**

**STANDARD OF DISMISSAL OF *PRO SE* COMPLAINT**

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").  The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.  See Abagnin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled.  See Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992).  A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted).

For the reasons set forth below, the Complaint must be dismissed with leave to amend.

## IV.

## DISCUSSION

**A.  The Complaint Violates Federal Rule Of Civil Procedure 8.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Smith v. City & Cnty. of Honolulu, 887 F.3d 944, 951 (9th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint.  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  Conclusory allegations are insufficient.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009).

Here, Plaintiff's allegations in the Complaint fail to comply with Rule 8 because they are conclusory and lack supporting facts.  Although Plaintiff recounts the events surrounding his March 5, 2024 arrest and subsequent efforts to address

4

alleged errors in his criminal record, he does not identify specific causes of action, organize his allegations into discrete claims, or link particular facts to particular defendants. (Dkt. 1 at 4-8.) The pleading instead consists of a generalized narrative unsupported by clearly articulated legal theories. Because the Complaint fails to clearly identify the claims asserted and the factual basis for each claim, it does not provide Defendants with fair notice of the claims against them. See Twombly, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation marks omitted)); Iqbal, 556 U.S. at 678 (explaining that "naked assertions devoid of further factual enhancement" are insufficient (internal quotation marks omitted)).

Accordingly, the Complaint violates Rule 8 and is dismissed on this basis alone. In addition to violating Rule 8's pleading requirements, the Complaint also fails to state a claim for relief against any defendant, as explained further below.

**B.  The Complaint Fails To Allege Personal Participation By Each Defendant.**

To establish a civil rights violation under 42 U.S.C. § 1983, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Iqbal, 556 U.S. at 676; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). A defendant is liable under Section 1983 only if "culpable action, or inaction, is directly attributed to them." Hines v. Youseff, 914 F.3d 1218, 1228 (9th Cir. 2019) (quoting Starr, 652 F.3d at 1205).

Here, even accepting Plaintiff's allegations as true, the Complaint does not plausibly allege that any named defendant personally caused a constitutional violation. Plaintiff alleges that Deputy Knox arrested him based on out-of-county warrants despite Plaintiff's claim of mistaken identity. (Dkt. 1 at 4-5.) However, Plaintiff does not allege facts showing that the warrants were facially invalid or that a reasonable officer would have known Plaintiff was not the subject of those warrants.

5

Plaintiff also alleges that he was subjected to tight handcuffs and other conditions during his detention.  (Id. at 5-6.)  But the Complaint does not identify which defendant was responsible for those conditions or allege facts showing that any particular defendant personally participated in or directed that conduct.

As to Defendants Oswald, Kincade, and Boutin, Plaintiff alleges only that they later confirmed the mistaken identity and communicated with other agencies to correct the error.  (Id. at 6-7.)  These allegations do not establish that these defendants caused or contributed to the allegedly unlawful arrest or detention.  Finally, although Plaintiff alleges delays in correcting his criminal record, he does not allege what actions any specific defendant took or failed to take that resulted in a constitutional violation.  See Iqbal, 556 U.S. at 678 (a complaint must do more than allege an "unadorned, the-defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."); Starr, 652 F.3d at 1205-06 ("A plaintiff must set forth specific facts as to each individual defendant's conduct that conferred constitutional harm.").

Accordingly, the Complaint fails to allege personal participation or a sufficient causal connection between any defendant's conduct and the alleged constitutional violations, and thus fails to state a claim under Section 1983.

## C.    Plaintiff Fails To State A Claim For Municipal Liability Under *Monell.*

Plaintiff sues all Defendants in their official capacities.  (Dkt. 1 at 2-3.)  The Court must construe Plaintiff's official capacity claims against Defendants as claims against the government entities that employ the officers rather than against the officers themselves, that is, the County of Ventura and the City of Yreka.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Plaintiff may not sue the County of Ventura or the City of Yreka for alleged constitutional violations on a theory of respondeat superior, which is not a theory of liability cognizable under Section 1983.  See Connick v. Thompson, 563 U.S. 51, 60 (2011); Iqbal, 556 U.S. at 676;

6

Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).  This means that the County of Ventura or the City of Yreka cannot be sued simply because Defendants, who are deputy sheriffs, supervisors, and lieutenants, allegedly violated Plaintiff's constitutional rights.  Instead, the County of Ventura and the City of Yreka may be held liable **only if the alleged wrongdoing was committed pursuant to a municipal policy, custom, or usage**.  See Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("Monell"); see also Horton by Horton v. Cty. of Santa Monica, 915 F.3d 592, 603-04 (9th Cir. 2019) ("[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to . . . a pervasive practice or custom.").

A plaintiff seeking to impose liability on a municipality under Monell must allege facts showing that:  (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act.  See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  Additionally, liability under Monell may not be predicated on "isolated or sporadic incidents," but "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  Gordon v. Cnty. of Orange, 6 F.4th 961, 974 (9th Cir. 2021).

Here, the Complaint contains no allegation identifying any policy, custom, or practice of either the County of Ventura or the City of Yreka that caused the alleged constitutional violations.  Plaintiff alleges that he was arrested based on mistaken identity and that multiple agencies failed to promptly correct the error in his records.  (Dkt. 1 at 4-8.)  However, these allegations describe a single incident and subsequent administrative delays, not a widespread policy or longstanding custom.  Plaintiff also does not allege facts showing that any policymaker was deliberately indifferent to a

known risk of constitutional violations arising from mistaken identity arrests, or that any policymaker ratified the alleged conduct.  Instead, Plaintiff appears to base municipal liability solely on the alleged conduct of individual officers, which is insufficient to establish municipal liability under Section 1983.  See Starr, 652 F.3d at 1216 ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); see also AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr govern municipal liability claims).

Accordingly, Plaintiff fails to state a valid Monell claim against the County of Ventura or the City of Yreka, and the official capacity claims against Defendants must be dismissed with leave to amend.  If Plaintiff wants to state a claim against any defendant in their official capacity, Plaintiff must allege additional facts to support the inference that the defendant acted pursuant to a municipal policy, custom, or usage.

### D.      Plaintiff Fails To State A Fourth Amendment Claim.

The Fourth Amendment protects individuals from arrests without probable cause.  See Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007).  Thus, "[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."  Dubner v. City and Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).  An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime."  Grant v. City of Long Beach, 315 F.3d 1081, 1085 (9th Cir. 2002) (internal quotation marks and brackets omitted); see also Lopez, 482 F.3d at 1072 ("Probable cause to arrest exists when officers have knowledge or reasonably

trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.”). Whether probable cause exists depends on the facts known to the officer at the time, regardless of the officer’s subjective intent. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). However, “as a corollary . . . [an officer] also may not disregard facts tending to dissipate probable cause.” United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005) (internal quotation marks omitted).

In cases involving mistaken identity, an arrest pursuant to a facially valid warrant does not violate the Fourth Amendment where the arresting officers reasonably believe the arrestee is the person identified in the warrant. See Hill v. California, 401 U.S. 797, 804 (1971) (“[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officers’ mistake was understandable and the arrest a reasonable response to the situation facing them at the time.”); see also Rivera v. Cnty. of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014) (Where “the deputies had probable cause to arrest the true subject of the warrant but mistakenly believed that Rivera was that person,” in such cases, “the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant.”).

Here, liberally construed, Plaintiff appears to assert a false arrest claim based on mistaken identity. However, Plaintiff does not allege sufficient facts to plausibly show that Deputy Knox lacked probable cause or otherwise acted unreasonably under the circumstances. Plaintiff alleges that he informed Deputy Knox that he was not the subject of the warrants due to discrepancies in identifying information. (Dkt. 1 at 4-5.) However, Plaintiff does not allege the nature or extent of those discrepancies, nor does he allege facts showing that a reasonable officer would have recognized any mismatch and declined to make the arrest. Conclusory assertions of mistaken identity, without supporting factual detail, are insufficient to state a plausible Fourth Amendment claim. See Iqbal, 556 U.S. at 678 (requiring specific

9

factual allegations sufficient to state a plausible claim).

To the contrary, the exhibits attached to the Complaint, including a Supplemental Booking Report prepared by Senior Deputy Oswald, indicate that the arresting officer received warrant information from Sheriff's Dispatch that matched Plaintiff's identifying information. (Dkt. 1 at 23.) Specifically, the report stated that the arresting officer "[s]tated the warrants that were sent to his patrol car MDT by Sheriff's Dispatch included Grimaldo's full name, birth date, description, and Ca. driver's license number," and that the officer "believed Grimaldo was the subject of the warrant." (Id.) These facts support a reasonable belief that Plaintiff was the individual identified in the warrants and therefore support the existence of probable cause. See Rivera, 745 F.3d at 387 (holding that deputies reasonably concluded plaintiff was the warrant subject where he shared the same name, date of birth, and similar physical characteristics).

Under these circumstances, Plaintiff's allegation that he verbally denied being the subject of the warrants does not, standing alone, render the arrest unreasonable. See Hill, 401 U.S. at 804 (holding that officers may reasonably rely on probable cause despite a suspect's denial of identity, as "sufficient probability, not certainty," governs Fourth Amendment reasonableness); Rivera, 745 F.3d at 389 (same).

Accordingly, based on the facts alleged and the exhibits incorporated into the Complaint, Plaintiff has failed to plausibly allege that his arrest was unsupported by probable cause or otherwise unreasonable under the Fourth Amendment.

**E.      Plaintiff Fails To State Viable State-Law Claims.**

Plaintiff appears to assert state-law claims for intentional infliction of emotional distress. (Dkt. 1 at 8.) To the extent Plaintiff seeks to assert tort claims against Ventura County or its employees, such claims are subject to the California Government Claims Act. Before bringing a state-law claim for money damages against a public entity or public employee, a plaintiff must first present a written claim to the public entity and have that claim rejected. See Cal. Gov't Code §§

945.4, 950.2; see also Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected."  Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775 (1993); Cal. Gov't Code § 950.2.  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  City of Stockton v. Superior Ct., 42 Cal. 4th 730, 738 (2007) (citation and internal quotations omitted).

Compliance with the claims presentation requirement is an element of a plaintiff's claim.  See California v. Superior Ct. (Bodde), 32 Cal. 4th 1234, 1243-44 (2004); see also Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007) ("Timely claim presentation is not merely a procedural requirement, but is . . . "a condition precedent to plaintiff's maintaining an action against defendant . . . and thus an element of the plaintiff's cause of action.") (citations and quotations omitted); United States v. California, 655 F.2d 914, 918 (9th Cir. 1980) (same). Plaintiff bears the burden of proof to show compliance with the claims presentation requirement.  See Cal. Evid. Code § 500 ("Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."); Becerra v. McClatchy Co., 69 Cal. App. 5th 913, 950 (2021) ("Under Evidence Code section 500, the plaintiff generally bears the burden of establishing the elements of his or her cause of action." (citation omitted)).

Here, Plaintiff alleges that he submitted a claim to Ventura County.  (Dkt. 1 at 9, 25-26.)  However, the exhibits incorporated into the Complaint indicate that Plaintiff's claim, submitted on December 31, 2024, for personal injury or property damage, was rejected as untimely because it was not presented within six months of the incident.  (Id. at 25.)  Plaintiff was advised that his only recourse was to apply for leave to present a late claim, but the Complaint does not allege that Plaintiff sought or obtained such relief.  (Id.)  The exhibits further reflect that Plaintiff submitted a

11

separate claim unrelated to personal injury or property damage, which was rejected on February 14, 2025, with no explanation. (Id. at 25-26.) Plaintiff was advised that he had six months from the date of that rejection to file a court action. (Id. at 26.)

Although Plaintiff alleges that he submitted claims, the Complaint does not allege compliance with the California Government Claims Act. Accordingly, Plaintiff's state-law tort claims against the County of Ventura are subject to dismissal.

## V.

## PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

On March 4, 2026, Plaintiff filed a Request to Proceed *In Forma Pauperis* ("IFP Request"). (Dkt. 3.) On March 20, 2026, the Court denied the IFP Request, finding that Plaintiff had the ability to pay the filing fee. (Dkt. 7.) On April 1, 2026, Plaintiff filed an Amended Request to Proceed *In Forma Pauperis* ("Amended IFP Request"). (Dkt. 8.) However, on April 17, 2026, Plaintiff paid the full filing fee. (Dkt. 9.) Accordingly, the Amended IFP Request is DENIED as MOOT.

## VI.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend. On or before **May 27, 2026**, Plaintiff shall file a First Amended Complaint ("FAC") that attempts to remedy the defects identified above. If Plaintiff chooses to file a FAC, it should bear the docket number assigned to this case (2:26-cv-02299-JFW-AJR), be labeled "First Amended Complaint," and be complete in and of itself without reference in any manner to the original Complaint or any other document (except any document that Plaintiff chooses to attach to the FAC as an exhibit). **Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting**

**facts that are not relevant.  Should Plaintiff decide to file a FAC, he is encouraged to utilize the form complaint attached to this Order.**

**Plaintiff is explicitly cautioned that failure to timely file a FAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with or without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that if Plaintiff no longer wishes to pursue this action, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

DATED:  April 27, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner).

13