**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02299-JFW-AJR  Date: November 16, 2026


Title: Adrian Andrew Grimaldo v. Deputy Cameron Knox, et al.

---

DOCKET ENTRY: **ORDER SETTING SCHEDULING CONFERENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Nicholas Huynh | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

1. This action has been referred to U.S. Magistrate Judge A. Joel Richlin for pre-trial proceedings. To advance the litigation efficiently, the Court sets the matter for a scheduling conference on **December 14, 2026, at 1:30 p.m.** Judge Richlin sits in Courtroom 780, 7th Floor, Roybal Federal Building and Courthouse, 255 E. Temple Street, Los Angeles, California 90012.

2. In advance of the hearing, the parties will meet in person, by telephone, or by video to discuss the items listed in Federal Rules of Civil Procedure 16 and 26(f) and Local Rule of Court 26-1. Specifically, the parties must discuss the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties must also discuss any issues about preserving discoverable information and develop a discovery plan. Finally, the parties must also discuss and arrange to make initial disclosures required by Rule 26(a)(1). **Initial disclosures must be made at or within 14 days of the parties' meeting and must include the following:**

---

a. **Witnesses:** The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

b. **Evidence:** A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

c. **Damages:** A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

d. **Insurance:** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3. The parties may supplement their discussion by e-mail or correspondence, but must attempt to have a face-to-face (in-person or video) or telephonic discussion with each other. The parties will submit a joint report of their meeting by or before **December 7, 2026**. The joint report shall be drafted and filed by the Plaintiff. However, if Plaintiff is proceeding *pro se* and Defendant is represented by counsel, then counsel for Defendant shall draft and file the joint report, unless Plaintiff prefers to do so.

4. The joint report shall contain the following information under section headings as described below:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

a. **Statement of the Case:** A short statement by each party setting forth the party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

b. **Subject Matter Jurisdiction:** A statement of the specific basis for federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

c. **Legal Issues:** A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

d. **Damages:** The realistic range of provable damages.

e. **Parties and Evidence:** A list of the parties, percipient witnesses, and key documents with respect to the main issues in the case. The parties should discuss the likelihood of appearance of additional parties, if any.

f. **Insurance:** Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

g. **Manual for Complex Litigation:** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

h. **Motions:** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction. The parties should also describe the issues or claims any party believes may be determined by dispositive motion such as a motion for summary judgment.

i. **Status of Discovery:** A discussion of the present state of discovery, if any discovery has taken place, and any current or anticipated disputes.

j. **Discovery Plan:** A detailed discovery plan that describes the parties' views and proposals on: (1) what changes should be made in the timing,

---

form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made; (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues; (3) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (4) any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502; (5) what changes should be made in the limitations on discovery imposed under the Federal Rules or the Central District's Local Rules, and what other limitations should be imposed; and (6) any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c). The Court values a detailed explanation of the parties' discovery plan.

k. **Expert Discovery:** Whether either side anticipates the use of expert witnesses and if so, proposed dates for initial and rebuttal expert witness disclosures, as well as a proposed expert discovery cut-off.

l. **Settlement:** Whether the parties have engaged in any settlement discussion and if so, a description of the discussion to date (*e.g.*, informal discussion versus formal mediation) without describing the terms of any offers. The parties should also state whether they are willing to participate in a settlement conference with Judge Richlin, the Central District's Mediation Panel, or a private mediator (at the parties' expense). If the parties are willing to participate in a settlement conference, they should state when the best timing for a settlement conference would be (*e.g.*, now, after certain discovery occurs, or after certain motions are ruled on).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

m. **Trial Estimate:** A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by the Court. Each side should specify the number of witnesses it contemplates calling.

n. **Trial Counsel:** The names of the parties or counsel who will try the case.

o. **Independent Expert or Master:** Whether the Court should consider appointing a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert at the parties' expense. The appointment of a master may be especially appropriate in cases where the parties anticipate substantial discovery disputes, numerous claims to be construed in connection with a motion for summary judgment, a lengthy hearing to determine the admissibility of expert testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), or a resolution of a difficult computation of damages.

p. **Other Issues:** A statement of any other issues affecting the status or management of the case, such as unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, witnesses who will need the assistance of a court interpreter or reasonable accommodations for a disability, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

q. **Proposed Deadlines:** The parties must meet and confer in an effort to agree on pretrial deadlines. The parties should set forth their proposal for the following: (1) the deadline to amend pleadings and/or add parties; (2) the Fact Discovery Cut-Off; (3)the deadline for initial expert disclosures; (4) the deadline for rebuttal expert disclosures; (5) the Expert Discovery Cut-Off; (6) the deadline to file dispositive motions; and (7) the deadline to complete alternative dispute resolution. Note that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



the discovery cut-off date will be the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. **In other words, any motion challenging the adequacy of discovery responses must be timely filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.**

5. Plaintiff and lead trial counsel for the defense must be present at the scheduling conference in person.[1] The parties are advised that participation in the prehearing conference and attendance at the scheduling conference are mandatory. **Failure to comply with this Order may lead to evidentiary or financial sanctions, or a recommendation that the action be dismissed with or without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004).**

6. Resources for Parties Without Attorneys:

There are several Federal *Pro Se* Clinics that offer information and guidance to individuals who are representing themselves in federal civil actions in the Central District of California. The clinics are operated by separate non-profit law firms, not the Court. The lawyers and staff at the clinics will not take on direct representation of any individual, but they provide a broad range of information and guidance about many aspects of civil litigation in federal court. There is a separate clinic located at each of the three courthouses in the Central District of California:

Los Angeles: The clinic is located in Suite 170 (Terrace Level) of the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012. For information on hours of operation and

[1] A party may request a telephonic or Zoom appearance by sending an email request to chambers and copying all other parties on the email (AJR_Chambers@cacd.uscourts.gov).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



appointments, call (213) 385-2977, Ext. 270 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/los-angeles. The law firm that runs the Los Angeles *Pro Se* Clinic also offers many helpful templates, guides, samples, and instructional videos that are all available online at https://www.publiccounsel.org/services/federal-court/.

Santa Ana: The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California. For information on hours of operation and appointments, call (714) 541-1010, Ext. 222 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/santa-ana.

Riverside: The clinic is located in Room 125 of the George E. Brown Federal Building, 3470 12th Street, Riverside, California 92501. For information on hours of operation and appointments, call (951) 682-7968 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/riverside.

IT IS SO ORDERED.